**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAVINDER SINGH | No. 09-73690 |
| Petitioner, | |
| v. | Agency. No. A074-791-346 |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2014
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District Judge.[**]

Ravinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion when it denied Singh's motion as untimely. Singh filed his motion more than ninety days after the BIA's final administrative order. *See* 8 C.F.R. § 1003.2(c)(2). Unable to demonstrate changed circumstances in India, he also failed to qualify for the regulatory exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (providing an exception to the ninety-day deadline for applications based on changed circumstances arising in the country of nationality if petitioner's new evidence is material and was unavailable at the previous hearing); *see also Najmabadi*, 597 F.3d at 987–90 (explaining that new evidence must be "qualitatively different" from evidence presented at the petitioner's original hearing). Although Singh presented evidence depicting both human rights abuses in India and the targeted harassment of his

---

[**] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

2

family members, this evidence—while disturbing—reflects the continuation of patterns that have existed for much of the past two decades. Because similar evidence was available to Singh at the time of his original proceeding in 2000, Singh failed to establish changed country conditions in 2009.

Moreover, contrary to Singh's contention, the BIA adequately considered the evidence presented with his motion. *See Najmabadi*, 597 F.3d at 990 (reiterating that the BIA need not "write an exegesis on every contention" raised by a petitioner, so long as it "consider[s] the issues raised and announce[s] its decision in terms sufficient [for] a reviewing court to perceive that it has heard and thought and not merely reacted") (citations, quotations, and alterations omitted). For this reason, we reject Singh's assertion that the BIA deprived him of due process when it denied his motion to reopen. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to sustain a due process claim in a removal proceeding). The BIA's decision was therefore appropriate.

**PETITION DENIED.**